UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD COOK, II,

        Petitioner,

v.

        CASE NO. 2:10-CV-12747
        HONORABLE NANCY G. EDMUNDS

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Donald Cook, II ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, in the Wayne County Circuit Court and was sentenced to 27 to 50 years imprisonment in 2008. In his pleadings, he raises claims concerning the effectiveness of trial counsel, the reinstatement of a first-degree murder charge, and the voluntariness of his plea. For the reasons stated, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.   Facts and Procedural History**

Petitioner's conviction arises from the stabbing death of Christopher Amore in Dearborn Heights, Michigan on April 12, 2008. The record indicates that Petitioner and the victim were involved in an altercation, which was broken up by another man. Following a

short period of time, a second altercation occurred during which Petitioner stabbed the victim repeatedly. The victim suffered nine incise wounds and 134 stab wounds with 17 of those wounds inflicted upon the victim's chest after death.

Petitioner was charged with first-degree premeditated murder. The trial court reduced the charge to second-degree murder, but the Michigan Court of Appeals reversed that decision and remanded the case for further proceedings. On October 16, 2008, Petitioner pleaded guilty to second-degree murder in exchange for the dismissal of the first-degree murder charge and a sentencing agreement of 27 to 50 years imprisonment.

Prior to sentencing, Petitioner moved to withdraw his plea, stating that he wanted to go to trial. On November 10, 2008, the trial court conducted a hearing, denied the motion to withdraw, and sentenced Petitioner to 27 to 50 years imprisonment in accordance with his plea agreement.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Cook*, No. 292048 (Mich. Ct. App. June 18, 2009) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Cook*, 485 Mich. 930, 773 N.W.2d 712 (2009).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. He was deprived of the effective assistance of counsel where defense counsel advised him to plead guilty to second-degree murder but failed to investigate the case and discuss the possible defense of diminished capacity with him.

II. The Michigan Court of Appeals violated *Jackson v. Virginia* where it reversed the Wayne County Circuit Court's order reducing the charge from first-degree murder to second-degree murder where the evidence of first-degree murder was insufficient beyond a reasonable doubt.

> III. His guilty plea to the charge of second-degree murder was involuntary where he lacked knowledge of the essential elements required for a conviction.

Respondent has filed an answer to the petition contending that it should be dismissed on exhaustion grounds and/or should be denied for lack of merit. Petitioner has filed a reply to that answer.

### III.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's

3

case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before

2:10-cv-12747-NGE-MKM   Doc # 8   Filed 07/31/12   Pg 6 of 15   Pg ID 434

the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order. For the reasons that follow, this Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV. Analysis

### A. Exhaustion

As an initial matter, Respondent contends that the petition should be dismissed because Petitioner has failed to properly exhaust all of his habeas claims in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to

---

[1]The Court would reach the same result under a *de novo* standard of review.

satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Even assuming that Petitioner has not properly exhausted all of his habeas claims in the state courts, the Court declines to dismiss the petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating Petitioner's claims because further exhaustion in the state courts is likely to be futile and because the claims lack merit and may be denied despite any lack of exhaustion. The Court will therefore proceed to address Petitioner's three habeas claims.

### B. Effectiveness of Trial Counsel

Petitioner first asserts that he is entitled to habeas relief because his trial counsel was ineffective for advising him to plead guilty and failing to investigate the case and discuss the possible defense of diminished capacity. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance

of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there

is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Petitioner asserts that trial counsel was ineffective for failing to investigate his case during the pre-plea period. Claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that counsel was ineffective for failing to investigate his case, discuss a diminished capacity defense, or take other action during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner also seems to assert that defense counsel was ineffective for advising him to plead guilty rather than advising him about his options and preparing a defense. It is true

9

that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, has not established that counsel failed to investigate his case or was deficient for advising him to accept a plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the nature of the case, the extent of the victim's injuries and lack of injury to Petitioner, the evidence presented at pre-trial hearings, and the apparent lack of a solid defense.

Although Petitioner believes that he could have defended against the charges, he offers no evidence, other than his own assertions, in support of his claim. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). Moreover, diminished capacity is not an available defense under Michigan law. *See People v. Carpenter*, 464 Mich. 223, 237-39, 627 N.W.2d 276 (2001). Petitioner has not shown that counsel erred or acted unreasonably in advising him to plead guilty to second-degree murder with a sentencing agreement of 27 to 50 years imprisonment in order to avoid a potential first-degree murder conviction and life sentence. Petitioner has failed to establish that trial counsel was ineffective. Habeas relief is not warranted on this claim.

### C. Reinstatement of First-Degree Murder Charge

Petitioner next asserts that he is entitled to habeas relief because the Michigan Court of Appeals erred in reinstating his first-degree murder charge where there was insufficient evidence to support such a charge. This claim, however, is foreclosed by his guilty plea. *See Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267; *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (unconditional plea waives non-jurisdictional collateral challenge to the sufficiency of the evidence); *see also David v. McQuiggin*, No. 09-14912, 2011 WL 2174897, *5 (E.D. Mich. June 3, 2011) (Duggan, J., denying habeas relief on similar claim). Habeas relief is therefore not warranted on this claim.

### D. Voluntariness of Plea

Lastly, Petitioner asserts that he is entitled to habeas relief because his guilty plea to second-degree murder was involuntary due to his lack of knowledge about the essential elements required for conviction. When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

11

The state court record reveals that Petitioner's guilty plea was knowing, intelligent, and voluntary. Petitioner was 19 years old at the time of his plea and had a high school education. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the first-degree murder charge and the terms of the plea and its consequences, including the maximum sentence for first-degree and second-degree murder. Petitioner indicated he understood the terms of the plea, that he was pleading guilty of his own free will, and that he had not been coerced, threatened, or promised anything else to induce his plea.

Petitioner asserts that his guilty plea was involuntary because he did not know the essential elements for second-degree murder. The Supreme Court has made clear that a guilty plea is invalid when a defendant pleads guilty to a crime without having been informed of the crime's elements because such a plea is not voluntary, knowing, and intelligent. *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *Henderson v. Morgan*, 426 U.S. 637, 644–45 (1976). The Supreme Court, however, has never held that the trial judge must inform the defendant of the elements of the crime to which he has agreed to plead guilty. *Stumpf*, 545 U.S. at 183. Rather, the Supreme Court has stated that "[w]here a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty." *Id*. The Supreme Court has further observed that "even without such an express representation [that the defendant has been

12

informed of the elements of the crime to which he is pleading guilty], it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson*, 426 U.S. at 647; *see also Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984); *Siebert v. Jackson*, 205 F. Supp. 2d 727, 732-33 (E.D. Mich. 2002) (Roberts, J., denying habeas relief on similar claim).

In this case, it is appropriate to presume that defense counsel explained the elements of second-degree murder to Petitioner such that Petitioner was well aware of the crime to which he plead guilty. First, trial counsel was an experienced criminal defense lawyer at the time of the proceedings. Second, the issue of whether Petitioner was properly charged with first-degree murder, as opposed to second-degree murder, was a central issue in the case and trial counsel successfully convinced the trial court to reduce the charge from first-degree to second-degree murder. Third, the Michigan Court of Appeals overturned that decision, resulting in reinstatement of the first-degree murder charge and the pursuit of plea negotiations. Given such circumstances, it is inconceivable that trial counsel would not have advised Petitioner about the elements of both first-degree murder and second-degree murder. Moreover, throughout the pre-trial and plea proceedings, the trial court discussed the elements of first-degree murder, particularly the element of premeditation and deliberation, thereby distinguishing it from second-degree murder, in detail. Lastly, Petitioner indicated an understanding of the elements of second-degree murder at the time of his plea, particularly when responding to the trial court's questions and providing a factual basis for his plea, as well as when he was seeking to withdraw his plea. Given the record as a whole, the Court is satisfied that Petitioner was

well aware of the charges against him and the elements of the crime to which he plead. Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on this claim.

## V.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App.

P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager